**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHANIE LAPIDOW,<br><br>               Plaintiff,<br><br>    v.<br><br>SAN ANTONIO MARRIOTT RIVERCENTER,[1] MARRIOTT INTERNATIONAL, INC., JOHN DOES 1-10, and ABC CORPORATIONS 1-10,<br><br>               Defendants. | Civil Action No. 23-00805 (GC) (RLS)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Defendants San Antonio Marriott Rivercenter[1] and Marriott International, Inc.'s Motion to Transfer Venue to the United States District Court for the Western District of Texas or, in the alternative, to dismiss the action pursuant to the doctrine of *forum non conveniens*. (ECF No. 8.) Plaintiff Stephanie Lapidow opposed, and Defendants did not reply. (ECF No. 9.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' motion is **GRANTED**. The matter shall be transferred to the Western District of Texas.

---

[1]     Defendants claim that Marriott Rivercenter should have been named as Marriott Hotel Services LLC.

## I.     **BACKGROUND**

This is a personal injury case stemming from Ms. Lapidow's April 20, 2022 stay at the San Antonio Marriott Rivercenter, a hotel in San Antonio, Texas. (ECF No. 1-2 at 1.[2])  Ms. Lapidow, a resident of Manalapan, New Jersey, alleges that she suffered "multiple bite wounds from . . . insects and/or bed bugs, which caused physical injuries, permanent scarring, and psychological injuries." (*Id.* at 2.)

On January 13, 2023, Plaintiff filed a three-count Complaint in the Superior Court of New Jersey, Middlesex County, against Marriott Rivercenter, Marriott International, and other unnamed persons and entities for negligence as well as for breach of various regulations.  (*Id.* at 1-5.)  On February 10, 2023, Defendants removed the Complaint to this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 1.) Defendants answered on March 8, 2023.[3]  (ECF No. 4.)  They then moved in July 2023 to transfer the case to the Western District of Texas or to have the case dismissed under the doctrine of *forum non conveniens*.  (ECF No. 8.)  Plaintiff opposed.  (ECF No. 9.)

## II.    **LEGAL STANDARD**

"Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the case might have been brought, or to which the parties have consented, for the convenience of the parties and witnesses and in the interest of justice." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018).  The party moving to transfer "bears the burden of persuasion." *Id.*

---

[2]     Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]     Defendants assert improper venue as one of their affirmative defenses.  (ECF No. 4 at 5.)

"Factors the court must consider include the three enumerated under the statute—convenience of the parties, convenience of the witnesses, and the interests of justice—along with all other relevant private and public factors." *Id.* Private factors "include the 'plaintiff's forum preference as manifested in the original choice'; 'the defendant's preference'; 'whether the claim arose elsewhere'; 'the convenience of the parties as indicated by their relative physical and financial condition'; 'the convenience of the witnesses'; and 'the location of books and records,' as well as 'all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 402 (3d Cir. 2017) (citations omitted). Public factors "include 'the enforceability of the judgment'; 'the relative administrative difficulty in the two fora resulting from court congestion'; 'the local interest in deciding local controversies at home'; 'the public policies of the fora'; and 'the familiarity of the trial judge with the applicable state law in diversity cases.'" *Id.* (citation omitted).

A court must ultimately decide, "on balance, whether the litigation would 'more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *In re McGraw-Hill*, 909 F.3d at 57 (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995)).

## III.   **DISCUSSION**

Defendants argue that this case should be transferred to the United States District Court for the Western District of Texas because that is the venue where the alleged events occurred, where most of the potential witnesses are based and work, and where the relevant personnel documents are located.[4] (ECF No. 8-3 at 6.) In opposition, Plaintiff argues that her preference is to litigate

---

[4]      Defendants also argue that this case should be dismissed for *forum non conveniens* in favor of the Western District of Texas, but this doctrine typically applies only when the alternative forum is a foreign judicial system. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) ("The common-law doctrine of *forum non conveniens* 'has continuing application

this case in New Jersey, Defendants have superior resources compared to her, and her medical treatment took place in New Jersey.  (ECF No. 9-1 at 8-12.)  She also argues that both Texas and New Jersey have interests in the case and no matter where the case is venued there will be witnesses who need to travel and records to be transferred.  (*Id.* at 13-16.)  Plaintiff submits a certification from her counsel, representing that Plaintiff obtained medical care at various facilities in New Jersey and that witnesses who observed the bug bites include Plaintiff's co-workers from California and Washington.  (ECF No. 9 at 1-2.)

Having carefully considered the parties' arguments and the relevant factors, the Court finds that this litigation could have originally been brought in the Western District of Texas[5] and that, on balance, convenience and the interests of justice weigh in favor of this case being transferred to that venue.

### A. PRIVATE FACTORS

The private factors generally weigh in favor of transferring this case.  Although a plaintiff's venue preference is entitled to deference, "courts give substantially less weight to the plaintiff's forum choice" in personal injury actions "when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state."  *Shubert v. Marriott Int'l, Inc.*, Civ. No. 15-

---

[in federal courts] only in cases where the alternative forum is abroad,' and perhaps in rare instances where a state or territorial court serves litigational convenience best."  (citation omitted)); Wright & Miller, 15 Fed. Prac. & Proc. Juris. § 3841 (4th ed. Apr. 2023) ("*Forum non conveniens* dismissal is appropriate only when the superior alternative forum is in a different judicial system, to which transfer is impossible.  Usually, the alternative forum will be in a foreign country, although occasionally it will be in a state or territorial court.").

[5]    Venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  28 U.S.C. § 1391(b)(2).  The hotel where Plaintiff suffered her injuries and the events that give rise to her claims took place in the Western District of Texas. *See Palazzo v. Ciurlino*, Civ. No. 05-5093, 2006 WL 2177542, at *1 (D.N.J. July 28, 2006) ("[V]enue . . . is appropriate . . . since that is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.").

05111, 2016 WL 245252, at *2 (D.N.J. Jan. 21, 2016).  Indeed, "several courts in this circuit have

not afforded significant deference to a plaintiff's choice of forum when the underlying accident

occurred in [a] different state." *Koeller v. Pilot Travel Centers, LLC*, Civ. No. 22-2270, 2023 WL

3250512, at *3 (D.N.J. May 4, 2023) (collecting cases); *Foster v. Marriott Resort Hosp. Corp.*,

Civ. No. 17-12901, 2018 WL 3360763, at *2 (D.N.J. July 10, 2018) ("[B]ecause the injury

underlying the complaint occurred in Florida, the deference normally afforded to Plaintiff's venue

choice is curbed.").

      Here, Plaintiff's case arises from injuries she allegedly sustained from insect bites at a hotel

in San Antonio, Texas.  She faults Marriott for alleged negligence and violations of regulations at

that same hotel.  There is no suggestion that Marriott's negligence occurred anywhere other than

in Texas or that Plaintiff suffered injuries elsewhere.  Thus, the dispute central to this lawsuit is

predicated on events that occurred exclusively, or almost exclusively, in Texas.  This weighs in

favor of transfer from New Jersey to Texas.

      As to the parties' financial condition, it is reasonable to presume that Defendants, "large

companies, are likely better positioned to absorb the general costs of litigation . . . , that remains

. . . whether the case proceeds in New Jersey or [Texas]." *Koeller*, 2023 WL 3250512, at *4.  And

Plaintiff offers "no specific inconvenience or financial impediment that would preclude [her] from

litigating in [Texas]." *Id.*; *see also Foster*, 2018 WL 3360763, at *3 ("In similar personal injury

cases, courts have routinely rejected plaintiffs' efforts to argue against transferring venue on the

grounds it would be easier for the defendants to incur the cost of litigating in the plaintiff's foreign

venue." (collecting cases)).  This factor is neutral.

      As to the convenience of the witnesses, the majority of liability witnesses in this case (the

hotel staff and personnel responsible for maintaining the premises) are presumably located in the

Western District of Texas.  Plaintiff is the only apparent witness to her injuries that resides in New

Jersey.[6] Plaintiff emphasizes that she received post-injury medical treatment at various facilities in New Jersey, but "the location of expert witnesses or treating physicians is not particularly relevant in the transfer analysis, as they would not be expected to testify as to liability issues, but instead provide damages related testimony." *Koeller*, 2023 WL 3250512, at *5 (collecting cases); *see also Foster*, 2018 WL 3360763, at *3 ("Subsequent medical treatment in New Jersey for injuries that occurred in other venues is not dispositive when the injury underlying the claim occurred in another state." (collecting cases)). This factor favors transfer.

Finally, as to the location of books and records, the hotel's paperwork regarding the maintenance and inspection of its premises is likely in the Western District of Texas, as are its records relating to the investigation into the causes of Plaintiff's injuries. Nevertheless, because "in the age of electronic discovery, the physical location of physical documents is of little significance," this factor has little impact on the transfer decision. *Curcio ex rel. United States v. CCS Med., Inc.*, Civ. No. 19-5527, 2023 WL 4295738, at *7 (D.N.J. June 30, 2023) (quoting *Guarino v. W. Union Co.*, Civ. No. 20-5793, 2021 WL 3286640, at *10 (D.N.J. Aug. 2, 2021)); *Koeller*, 2023 WL 3250512, at *5 ("[T]he location of books and records, is neutral, as neither party has demonstrated that the location of records is a significant issue in this case.").

## B. PUBLIC FACTORS

The public factors weigh heavily in favor of transferring this case. Texas has a greater local interest in this case because nearly all of the central events occurred there. And "[g]iven Texas's superior interest, the burden of jury duty is more fairly placed on residents of Texas." *Shubert*, 2016 WL 245252, at *3; *accord Koeller*, 2023 WL 3250512, at *6 ("[J]ury duty should not be imposed on the citizens of New Jersey when the events giving rise to the claim occurred

---

[6]     Plaintiff's co-workers in California and Washington may have witnessed her injuries, but this point is neutral and does not weigh in favor of venue in either New Jersey or Texas.

outside the state."). Further, because "the events underlying Plaintiff's suit occurred in Texas, and thus, it is Texas law that will determine whether Defendant[s] [are] ultimately liable for Plaintiff's alleged injuries . . . [,] Texas has an overriding interest in deciding this local controversy." *Shubert*, 2016 WL 245252, at *3; *see also Koeller*, 2023 WL 3250512, at *6 ("New Jersey's concern for its injured citizens, although legitimate, is outweighed by another state's legitimate interest in discouraging unsafe local property conditions and unsafe local conduct." (quoting *Lauria v. Mandalay Corp.*, Civ. No. 07-817, 2008 WL 3887608, at *4 (D.N.J. Aug. 18, 2008))); *Foster*, 2018 WL 3360763, at *3 ("Court decisions applying Florida law impact Florida citizens. Consequently, Florida's citizens have a stake in the outcome, and the jury should be chosen from their numbers.").

As to court congestion, the District of New Jersey is known to have a heavy case load and "one of the largest total number of filings recorded in the country." *Guarino*, 2021 WL 3286640, at *10 (quoting *Church v. Glencore PLC*, Civ. No. 18-11477, 2020 WL 4382280, at *6 (D.N.J. July 31, 2020)); *see also Saul v. Seeking Alpha Inc.*, Civ. No. 23-1405, 2023 WL 8091852, at *4 (D.N.J. Nov. 21, 2023) ("[T]he District of New Jersey has faced significant court congestion for years."); *Curcio ex rel. United States*, 2023 WL 4295738, at *7 ("[W]ithout making a finding as to the relative congestion of the possible fora, the Court finds that judicial economy, 'a cognizable public interest,' does not favor this case remaining in this extraordinarily busy court." (citation omitted)). Accordingly, court congestion does not militate against transfer if the other factors favor it.

Finally, as to the enforceability of any judgment, the parties do not dispute that a judgment would be equally enforceable in Texas and New Jersey. This factor is neutral.

In sum, because the private and public interest factors, on balance, support transfer, the case is relatively recent, and very little litigation has so far occurred in this District that would support retaining it, the case will be transferred to the Western District of Texas.

## IV.   **CONCLUSION**

For the reasons set forth above, and other good cause shown, Defendants' Motion to Transfer Venue (ECF No. 8) is **GRANTED**.  An appropriate Order follows.


Dated:  February 29, 2024

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE